Shaun Antonio HAYDEN,
Plaintiff-Appellee,

v.

Paul G. BUTLER, Jr., Defendant-
Appellant,

and

Alvin W. Keller; Robert C. Lewis;
Anthony E. Rand,
Defendants.

North Carolina Psychiatric Association;
North Carolina Psychological Associ-
ation; North Carolina Council of
Child and Adolescent Psychiatry;
UNC Center for Civil Rights; The
UNC Youth Justice Clinic; Former
North Carolina Jurists, Amici Sup-
porting Appellee.

No. 15-7676

United States Court of Appeals,
Fourth Circuit.

Argued: May 10, 2016

Decided: August 1, 2016

ARGUED: Joseph Finarelli, NORTH
CAROLINA DEPARTMENT OF JUS-
TICE, Raleigh, North Carolina, for Appel-
lant. Benjamin Steed Finholt, NORTH
CAROLINA PRISONER LEGAL SER-
VICES, INC., Raleigh, North Carolina, for
Appellee. ON BRIEF: Roy Cooper, Attor-
ney General, NORTH CAROLINA DE-
PARTMENT OF JUSTICE, Raleigh,
North Carolina, for Appellant. Mary S.
Pollard, NORTH CAROLINA PRISON-
ER LEGAL SERVICES, INC., Raleigh,
North Carolina, for Appellee. John R.
Mills, PHILLIPS BLACK PROJECT, San

Francisco, California; Narendra Ghosh,
PATTERSON HARKAVY LLP, Chapel
Hill, North Carolina, for Amicus Former
North Carolina Jurists. Mark Dorosin,
Brent Ducharme, Elizabeth Haddix, Mar-
yam Al-Zoubi, Third Year Student, UNC
Center for Civil Rights, Tamar Birckhead,
Barbara Fedders, UNC Youth Justice
Clinic, UNIVERSITY OF NORTH CAR-
OLINA SCHOOL OF LAW, Chapel Hill,
North Carolina, for Amici UNC Center for
Civil Rights and UNC Youth Justice Clin-
ic. Daniel J. Westbrook, Susan H. Nelson,
Cashida N. Okeke, NELSON MULLINS
RILEY & SCARBOROUGH, LLP, Co-
lumbia, South Carolina, for Amici North
Carolina Psychological Association, North
Carolina Psychiatric Association, and
North Carolina Council of Child & Adoles-
cent Psychiatry.

Before NIEMEYER and WYNN,
Circuit Judges, and Thomas E.
JOHNSTON, United States District Judge
for the Southern District of West Virginia,
sitting by designation.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Appellant seeks to appeal the district
court's order denying his motion for sum-
mary judgment, granting in part and deny-
ing in part without prejudice Appellee's
motion for summary judgment, and direct-
ing the parties to present a plan for the
means and mechanism for compliance with
the mandates of Graham v. Florida, 560
U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825
(2010). This Court may exercise jurisdic-
tion only over final orders, 28 U.S.C.
§ 1291, and certain interlocutory and col-
lateral orders, 28 U.S.C. § 1292; Fed. R.

Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545–46, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The district court's order is not a final order because the court retained jurisdiction to rule on Appellee's request for injunctive relief. See Gelboim v. Bank of Am. Corp., —— U.S. ——, 135 S.Ct. 897, 902, 190 L.Ed.2d 789 (2015) ("A final decision is one by which a district court disassociates itself from a case." (citation omitted)). Additionally, contrary to Appellant's assertion, the district court's order directing the parties to develop a plan is neither an immediately appealable injunction nor in the nature of such an injunction, as it does not present serious consequences that can only be effectively challenged by immediate appeal.* See U.S. ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 507 (4th Cir. 1999) ("The [Supreme] Court ha[s] ... delineated two essential requirements for determining whether an order in the nature of an injunction should be appealable as an interlocutory order under 1292(a)(1): that the order be of 'serious, perhaps irreparable, consequence' and that it can be 'effectually challenged' only by immediate appeal." (quoting Carson v. Am. Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981))). Finally, the district court's order is not an appealable collateral order because it addressed issues that are central to the merits of this action. See Will v. Hallock, 546 U.S. 345, 349, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006) ("[T]he collateral order doctrine accommodates a 'small class' of rulings, not concluding the litiga-

tion, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'" (quoting Behrens v. Pelletier, 516 U.S. 299, 305, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996))). Accordingly, we dismiss the appeal for lack of jurisdiction.

DISMISSED

---

* While the district court's order technically denied Appellee's request for injunctive relief, the denial was without prejudice and the lower court's intent was clearly to grant injunctive relief at some later point. Thus, this cannot be viewed as a refusal of an injunction under 28 U.S.C. § 1292(a)(1). Moreover, neither party challenges the district court's denial of injunctive relief in the instant appeal or asserts it as a jurisdictional basis. Instead,

Appellant challenges the lower court's order, in part, on the basis that it directs the parties to develop a plan. Finally, even if Appellant had raised the denial of an injunction in the instant appeal, this would not be a basis for jurisdiction because Appellant sought such a denial before the lower court. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 745, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).